UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT

IN RE:    EDWARD HIGLEY,    )    Case No. 14-10339
                Debtor.    )    Chapter 13

**OBJECTION OF THE INTERNAL REVENUE SERVICE
TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

The United States of America, by its attorney, Tristram J. Coffin, United States Attorney for the District of Vermont, on behalf of the Internal Revenue Service (IRS), hereby objects to confirmation of the Chapter 13 Plan of Reorganization (the Plan) filed by the Debtor for the following reasons.

I.  **Facts**

1.  The Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code on June 5, 2014.

2.  The IRS filed a Proof of Claim dated August 4, 2014, reflecting an unsecured priority claim in the amount of $57,491.81 and a general unsecured claim in the amount of $11,546.87.

3.  As of the date of the IRS' Proof of Claim, the Debtor's individual income tax return (Form 1040) for tax years ending December 31, 2012 and December 31, 2013, had not been filed. Also unfiled were employment tax returns (Form 941) for the 3rd and 4th Quarters of 2012, the 2nd, 3rd and 4th Quarters of 2013 and the 1st and 2nd Quarters of 2014. Additionally, the Debtor has not yet filed his unemployment tax return (Form 940) for tax year 2013.

4. The tax liability for the unfiled periods has been estimated. The total pre-petition tax liability cannot be determined until the Debtor files his outstanding income, employment and unemployment tax returns for the tax periods listed above.

1

5. The Plan fails to provide for full payment of the IRS priority claim. The Plan pays only $9,600 of the IRS' priority claim.

## II. Objections

1. The IRS' records reflect that the Debtor has failed to file all applicable Federal tax returns as required by 11 U.S.C. § 1308. Confirmation of the Chapter 13 Plan must therefore be denied. *See* 11 U.S.C. § 1325(a)(9).

2. Feasibility of the Plan cannot be determined until the outstanding, pre-petition tax return is filed and the total pre-petition tax liability is determined. Confirmation of the Plan should be denied unless the Debtor establishes that he will be able to make all payments under the Plan and comply with the Plan. *See* 11 U.S.C. § 1325(a)(6).

3. The Plan fails to provide for full payment, in deferred cash payments, of the full amount of IRS' unsecured priority claim, as required by 11 U.S.C. § 1322(a)(2).

4. Interest on the priority and general claims for tax periods as to which tax returns were unfiled on the petition-date may not be dischargeable under 11 U.S.C. § 1328(a). *See* 11 U.S.C. § 1328(a)(2); 523(a)(1)(B)(I). The Debtor may provide for payment of interest on such priority claims to the extent that they have disposable income available to do so after providing for full payment of all claims. *See* 11 U.S.C. § 1322(b)(10). The Plan should provide for payment of non-dischargeable interest to preserve the Debtor's fresh start following his bankruptcy case, or acknowledge the Debtor's intention to pay such interest post-petition.

5. In the event that the Debtor files the outstanding tax return(s) and seeks confirmation before the liability is assessed, any Confirmation Order entered in this case should contain

language permitting the IRS to further amend its claim after the recently filed tax return is fully processed and further requiring the Debtor to amend his Plan, if necessary, to fully pay all secured and priority tax claims.

### III. Conclusion

For these reasons, the IRS respectfully requests that confirmation of the Debtor's Chapter 13 Plan of Reorganization be denied.

Dated at Burlington, in the District of Vermont, this 12th day of August, 2014.

Respectfully submitted,

UNITED STATES OF AMERICA

TRISTRAM J. COFFIN
United States Attorney

By:  /s/ Melissa A.D. Ranaldo
MELISSA A.D. RANALDO
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Melissa.Ranaldo@usdoj.gov

## CERTIFICATE OF SERVICE

I, Diane Barcomb, Legal Assistant for the United States Attorney's Office for the District of Vermont, do hereby certify that the **OBJECTION OF THE INTERNAL REVENUE SERVICE TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) generated in connection with this document.

Dated at Burlington, in the District of Vermont this 12th day of August, 2014.

/s/ *Diane Barcomb*
Diane Barcomb
Legal Assistant