*Formatted for Electronic Distribution*                                               *For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
October 9, 2015

In re:

    Edward Higley,                                            Chapter 13 Case
             Debtor.                                         # 14-10339

Appearances:  Donald F. Hayes, Esq.                 Antonin Robasson, Esq.
                   Obuchowski & Emens-Butler, P.C.       Ryan Smith & Carbine, Ltd.
                   Bethel, Vermont                           Rutland, Vermont
                   For the Debtor                             For the Creditor

## MEMORANDUM OF DECISION
### ON CONTESTED MATTERS REGARDING
### SURRENDER OF COLLATERAL, OBJECTIONS TO CONFIRMATION, AND ALLOWANCE OF CLAIM

      Prior to filing this chapter 13 bankruptcy case, the Debtor owned several trucks and trailers that he used in his business. Subsequent to the bankruptcy filing, one of the Debtor's trucks went missing and that has given rise to the disputes now before the Court.

      During the course of this bankruptcy case, creditors with claims secured by liens against the Debtor's trucks and trailers obtained relief from the automatic stay so they could repossess the collateral that secured their respective debts. Among them was General Electric Capital Corporation ("GECC"), a creditor whose claim was secured by a lien against eleven pieces of collateral. GECC asserts that although the Debtor surrendered ten of them, the Debtor failed to make available a 2012 Hyundai trailer for repossession by GECC. Interestingly, both GECC and the Debtor claim the other should be deemed to be in possession of that 2012 Hyundai trailer (the "Missing Trailer"). The "loss" of the Missing Trailer has given rise to three related contested matters: first, whether the Debtor surrendered the Missing Trailer; second, whether in light of the circumstances surrounding the whereabouts of the Missing Trailer, the Debtor's proposed treatment of GECC's claim in his Chapter 13 plan satisfies the criteria for confirmation; and third, whether the portion of GECC's claim that is secured by the Missing Trailer is properly classified as an unsecured claim in this bankruptcy case. For the reasons set forth below, the Court finds the Debtor did not surrender the Missing Trailer, sustains GECC's objection to confirmation of the Debtor's plan, and defers ruling on the question of whether GECC's claim is properly treated as an unsecured claim in this case until that question is properly before the Court.

1

## LEGAL ISSUES PRESENTED

The three legal issues before the Court are (1) whether the Debtor "surrendered" the Missing Trailer to GECC, for purposes of Chapter 13 plan confirmation; (2) whether the Debtor's treatment of GECC's claim in his proposed Chapter 13 plan satisfies the requirements for confirmation; and (3) whether GECC's claim should be classified as a general unsecured claim in this case.

## JURISDICTION

This Court has jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. This Court declares this contested matter to be a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), (L) and (O). The Court further declares it has authority to enter a final judgment in this proceeding.

## PERTINENT FACTS

Based upon the record in this case, and primarily upon the parties' proposed findings of fact (doc. # 128), the Court relies upon the following facts in addressing the legal issues presented[1]:

1. GECC held a properly perfected security interest in eleven of the Debtor's trucks and trailers (the "Rolling Collateral"), including the Missing Trailer, as of June 5, 2014 - the date the Debtor commenced this Chapter 13 case.  See Proof of Claim #1-1.

2. The Debtor was in possession of the Missing Trailer (VIN # 3H3V532C6CT117009 with Reefer serial number 601124883) through the first half of November 2014.  See Testimony of Debtor, evidentiary hearing, July 10, 2015.

3. On December 8, 2014, the Debtor and GECC entered into a stipulation for relief from stay with respect to certain collateral (four 2012 trailers and one 2011 trailer), which the Debtor offered to surrender, including the Missing Trailer (doc. # 75).

4. On December 16, 2014, the Court approved the surrender of the Missing Trailer in its Order Granting GECC's Motion for Relief from Stay (doc. # 76, the "RFS Order").

5. In early January 2015, GECC's agents went to the Debtor's premises to repossess all of the Rolling Collateral that were subject to the RFS Order, including the Missing Trailer, and GECC's agent did not find the Missing Trailer at the Debtor's premises.  See Testimony of Jay Coppo, evidentiary hearing, July 10, 2015.

6. The Debtor did not see GECC's agents remove the Missing Trailer, and knows of no one who saw GECC's agents take possession of the Missing Trailer.  See Testimony of Debtor, evidentiary hearing, July 10, 2015.

---

[1] Where the fact is set forth in the record, beyond the proposed findings of fact, that additional source is cited below.

7. GECC's agents subsequently searched for the Missing Trailer and were not able to locate or recover it. See Testimony of Jay Coppo, evidentiary hearing, July 10, 2015.

8. The Debtor does not specifically recall seeing the Missing Trailer at any time after November 15, 2014, and cannot identify either the last time he saw the Missing Trailer or when the Trailer left his premises. See Testimony of Debtor, evidentiary hearing, July 10, 2015.

9. The Debtor has not returned the Missing Trailer to GECC. See Testimony of Debtor and Jay Coppo, evidentiary hearing, July 10, 2015.

10. The Debtor does not have possession of the Missing Trailer at this time (doc. # 129, p. 2).

11. GECC does not have possession of the Missing Trailer at this time. See Testimony of Jay Coppo, evidentiary hearing, July 10, 2015.

12. The Debtor provided two insurance binders to GECC which purported to evidence insurance coverage on the Missing Trailer, for successive time periods (December 11, 2014 to January 10, 2015, and January 10, 2015 to May 10, 2015) (doc. # 128, Ex. C and D).

13. Neither of the two insurance binders was effective because the Debtor did not pay the premium due for either period (doc. # 128, p. 3).

14. The Debtor had no insurance on the Missing Trailer after November 15, 2014 (doc. # 128, p. 3).

## DISCUSSION

1. <u>Surrender of the Collateral</u>

Both parties argue that the crucial issue before the Court at this time is whether the Debtor surrendered the Missing Trailer. This question arises because the Debtor's plan (doc. # 102) proposes to treat GECC's claim as if the Debtor surrendered all collateral securing the GECC claim.[2] The salient Bankruptcy Code provision, upon which both parties rely, states

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
> …
> (5) with respect to each allowed secured claim provided for by the plan—
> (A) the holder of such claim has accepted the plan;
> (B) (i) the plan provides that—
> (I) the holder of such claim retain the lien securing such claim until the earlier of—
> …; or
> (C) the debtor surrenders the property securing such claim to such holder;

11 U.S.C. § 1325(a)(5).

---

[2] In his Fifth Amended Chapter 13 Plan (doc. # 102), the Debtor lists the Missing Trailer as the "Disputed Collateral" and states that the Debtor and GECC disagree as to whether the Missing Trailer has been surrendered to GECC.

3

The Bankruptcy Code does not define the word "surrender." Black's Law Dictionary defines surrender as "[t]he act of yielding to another's power or control." (10th ed. 2014). The preeminent bankruptcy treatise defines surrender in the context of §1325(a)(5)(C) as the "relinquishment of any rights in the collateral." 8-1325 COLLIER ON BANKRUPTCY ¶ 1325.06. At a minimum, surrender "requires a debtor to relinquish secured property and make it available to the secured creditor." In re Metzler, 530 B.R. 894, 899 (Bankr. M.D. Fla. 2015). Only two circuit courts have considered this question and both conclude that while surrender does not require the debtor to physically transfer the collateral to the secured creditor, it does require the debtor to make the collateral available to the secured creditor. In re White, 487 F.3d 199, 205 (4th Cir. 2007); In re Pratt, 462 F.3d 14, 18-19 (1st Cir. 2006). Accord, In re McCann, No. 15-35045, 2015 WL 5265610, at *4 (Bankr. S.D.N.Y. Sept. 10, 2015); In re Stephens, No. 09-62630, 2013 WL 1305576, at *8 (Bankr. N.D.N.Y. Mar. 28, 2013).

On July 10, 2015, the Court held an evidentiary hearing at which each of the parties introduced documentary evidence and presented testimony to establish the facts pertinent to the question of whether the Debtor surrendered the Missing Trailer to GECC. The Debtor and Mr. Coppo, GECC's witness, responded candidly to all questions posed to them, and both struck the Court as very credible. One of the most interesting and critical aspects of the Debtor's testimony was his statement that he suffers from a medical condition which causes him to experience significant gaps in his memory. There was no medical documentation introduced to substantiate this, but it is further described in the memorandum of law his attorney filed. See doc. # 129 p. 7. Counsel for GECC did not challenge this statement at the evidentiary hearing or address this point in his responsive memorandum of law. The Debtor repeatedly responded to questions posed at the hearing by saying he simply did not recall. Of particular import, he did not recall when he last saw the Missing Trailer, he did not recall exactly what transpired when GECC's agent came to his property looking for the Missing Collateral, and he did not recall failing to pay for the insurance due on the Missing Trailer. It was clear the Debtor was both persuaded he had complied with his obligation to surrender the Missing Trailer and incapable of affirming he had done so.

Based upon the credible testimony of Messrs. Higley and Coppo, the Court reaches three factual conclusions pertinent to the surrender issue. First, neither the Debtor nor GECC has, or knows the whereabouts of, the Missing Trailer. Second, the Missing Trailer went missing between November 15, 2014 and January 15, 2015. Third, the Debtor neither made the Missing Trailer available to GECC nor intentionally caused the Missing Trailer to be unavailable to GECC.

Turning to the legal analysis of these facts, the Court considers first the burden of proof. It is the Debtor's burden to establish, by a preponderance of the evidence, that his plan satisfies the requirements

4

for confirmation under § 1325. See <u>In re Zair</u>, 535 B.R. 15, 18 (Bankr. E.D.N.Y. 2015); <u>In re Lessman</u>, 159 B.R. 135, 137 (Bankr. S.D.N.Y. 1993). The Debtor has not met his burden of showing that his plan is confirmable because he has not shown by a preponderance of the evidence that he made the Missing Trailer available to GECC, as is required to demonstrate an effective surrender. He does not know when he last saw the Missing Trailer, he does not know how, when, or by what means it left his property, and most crucially, he cannot state with any certainty that he actually made it available for GECC to repossess. None of the cases the parties have cited address facts where the Debtor cannot recall whether he actually made the collateral available to the creditor at the designated time and location. The parties both rely extensively upon <u>In re Gabor</u>, 155 B.R. 391 (Bankr. N.D. W.Va. 1993) and <u>In re Alexander</u>, 225 B.R. 1998 (Bankr. E.D. Ark. 1998) in support of their respective positions. However, these cases are factually distinguishable, for purposes of determining whether the Debtor surrendered the collateral, because in both cases the record was sufficient for the bankruptcy court to determine the reason (i) why the debtor no longer had the collateral [the debtor's spouse had absconded with it], (ii) why the debtor had no culpability for the loss of the collateral [the debtors credibly testified they would have turned over the collateral if they still had it], and (iii) how the collateral became unavailable to the creditor [neither the creditor nor the debtor knew where the spouse or collateral were]. Here, based on the record, the Court can make none of those findings.

Since it is the Debtor's burden to establish he made the collateral available to GECC, and he has failed to do so, the Court cannot make a determination that the Missing Trailer has been surrendered.

2. <u>GECC's Objections to Confirmation of the Debtor's Plan</u>

GECC has raised two objections to confirmation of the Debtor's plan. First, GECC argues the Debtor's plan fails to treat GECC's secured claim in accordance with the criteria set out in the Bankruptcy Code, and second, GECC alleges the Debtor has not proposed his plan in good faith. Under the governing bankruptcy provision (set forth above), there are three alternative means for the Debtor to satisfy the plan confirmation requirement with respect to a secured claim. The first option would be met if GECC were to accept the treatment proposed in the plan. Failing that, either the Debtor's plan must pay GECC's claim as a secured claim, in full, or the Debtor must demonstrate he surrendered the collateral securing the claim to GECC. GECC has objected to the treatment proposed in the plan so the Debtor cannot obtain confirmation under the first alternative. The plan treats the subject GECC claim as unsecured so the plan does not implement the second alternative of paying GECC the full amount of the secured claim it asserts. Thus, to satisfy the requirements of § 1325(a)(5), the Debtor must prove that he surrendered the collateral. The Court has already determined he has not done so.

5

Therefore, the Court finds the Debtor's proposed treatment of GECC's claim fails to meet the requirements of § 1325(a)(5), and GECC's objection to confirmation, on this basis, is sustained.

For its second objection to confirmation, GECC argues the Debtor did not file his plan in good faith. This argument is premised on (i) the Debtor's failure to notify GECC that he was no longer in possession of the Missing Trailer, (ii) the Debtor's failure to file an insurance claim to protect the estate's interest in the Missing Trailer, and (iii) the Debtor's failure to promptly report the loss of the Missing Trailer to the police (doc. # 123, p. 3). GECC asserts that these actions "reek of bad faith" and have an "element of culpable behavior." However, the Debtor's demeanor and responses to the questions counsel presented to him at the hearing suggest the opposite. The Court credits the Debtor's testimony that (i) he does not remember the circumstances surrounding the Missing Trailer the day GECC came to repossess it or when the Missing Trailer left his premises, (ii) he believed he had insurance on the Missing Trailer throughout the time period in question, and (iii) he did not file a police report earlier because he was under the mistaken belief that GECC had picked up the Missing Trailer, and finds these statements to be true. In light of this determination, the Court finds GECC's argument on this point to be without merit and overrules GECC's second objection to confirmation.

3. Classification of GECC's claim

In his post-hearing memorandum of law, the Debtor asked the Court to declare GECC's claim to be unsecured for purposes of this bankruptcy case (doc. #119, pp. 6-7). GECC's response included an objection to the Court's making a determination as to the secured status of GECC's claim at this time, and an assertion that its proof of claim must be treated as prima facie valid unless and until a party in interest files a successful objection to that claim (doc. #123, pp. 4-5). GECC's position is sound, and neither the Debtor nor any other party has filed an objection to GECC's claim. Subsequently, the Debtor stated he intends to file an objection to GECC's secured claim (doc. #129, p. 10). In light of this statement by the Debtor, and the current procedural posture of the proof of claim, see Federal Rule of Bankruptcy Procedure 3001(f), the Court declines to rule at this time on whether the portion of GECC's claim secured by the Missing Trailer is an unsecured claim for purposes of this bankruptcy case.[3]

### CONCLUSION

Based upon the factual findings, law, and rationale set forth above, the Court concludes the Debtor has not surrendered the Missing Trailer to GECC, thereby falling short of meeting the criteria for plan confirmation under § 1325(a)(5). Thus, confirmation is denied on that basis.

---

[3] The Debtor does not dispute the validity of GECC's security interest in the Missing Trailer, and describes the issue before the Court as whether GECC's claim is properly treated as unsecured in this bankruptcy case. He acknowledges that if and when the Missing Trailer is recovered, GECC will be able to enforce its rights as a secured creditor against it (doc. # 119, p. 8).

The Court has also considered GECC's objection to confirmation based upon the Debtor's alleged lack of good faith and declares that objection unavailing.

Last, the Court concludes it would be premature to determine the secured status of GECC's claim in this bankruptcy case when no objection to GECC's proof of claim has been filed.

Accordingly, the Court sustains GECC's objection to confirmation based upon the Debtor's failure to satisfy the requirement of § 1325(a)(5), overrules GECC's objection based upon lack of good faith, and defers ruling on the secured status of GECC's claim until that issue is properly before the Court.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

October 9, 2015  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge